**GRAIF BARRETT & MATURA, P.C.**
Kevin C. Barrett, State Bar No.: 020104
Jay R. Graif, State Bar No. 017246
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Telephone: 602-792-5700
Facsimile: 602-792-5710
*Attorneys for Plaintiff Clarendon America Insurance Company*

Email Addresses: kbarrett@gbmlawpc.com
   jgraif@gbmlawpc.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CLARENDON AMERICA INSURANCE COMPANY, a foreign insurer, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DECLARATORY RELIEF** |
| STARPOINTE COMMUNITIES, LLC, an Arizona limited liability company; STARPOINTE MARKETING CONCEPTS, LLC, an Arizona limited liability company; STR CONSTRUCTION LTD., an Arizona corporation; ROBERT A. AND JEANINE LYLES, husband and wife; PATRICIA A. WATTS, an Arizona resident; DAN AND KATIE RICHARDS, husband and wife; and WILLOWALK PROPERTY LIMITED PARTNERSHIP, an Arizona limited partnership, | |
| Defendants. | |

Plaintiff, Clarendon America Insurance Company ("Clarendon"), by and through its counsel undersigned, and for its Complaint against defendants, hereby states as follows:

1. Clarendon is an insurance company incorporated in the state of New Jersey with its principal place of business in New York.

2. Upon information and belief, Starpointe Communities, LLC is an Arizona limited liability company with its principal place of business in Arizona.

3.  Upon information and belief, Starpointe Marketing Concepts, LLC is an Arizona limited liability company with its principal place of business in Arizona.

4.  Upon information and believe, STR Construction, LTD is an Arizona corporation with its principal place of business in Arizona.

5.  Upon information and belief, Robert A. and Jeanine Lyles are husband and wife and are residents of Arizona.

6.  Upon information and belief, Patricia A. Watts is a resident of Arizona.

7.  Upon information and belief, Dan and Katie Richards are husband and wife and are residents of Arizona.

8.  Upon information and belief, Willowalk Property Limited Partnership ("Willowalk") is a limited partnership with its principal place of business in Arizona.

9.  This court has jurisdiction under 28 U.S.C. § 1332.  Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1391 (a).  There is diversity among the parties and the amount in controversy with regard to the underlying dispute is in excess of $75,000.

10. This action for declaratory relief arises from certain claims asserted in the lawsuit captioned *Willowalk Property Limited Partnership v. Starpointe Communities, LLC et al.,* pending in Maricopa County Superior Court, cause number CV2008-016688 ("the underlying lawsuit").

11. In the underlying lawsuit, Willowalk has asserted that it acquired a partially developed condominium project in 2003 ("the project") and hired the remaining defendants to develop, construct and manage the sales of the units.  Willowalk alleges that the other defendants mismanaged the project, causing substantial cost overruns, delays and substandard quality of work.

12. Willowalk has asserted claims in the underlying lawsuit of breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, negligent misrepresentation, breach of fiduciary duty, and a claim for an accounting.  Willowalk

claims damages, including improper change orders and back charges, delay costs and loss of sales. (In a separate matter, the Tapestry on Central Condominium Owners' Association has brought a claim against both Willowalk, as owner, and the remaining defendants, as developers and builders, for the alleged construction defects at the project and alleged damages caused by those defects. Clarendon is providing a defense under this policy to both Willowalk and all other defendants with regard to that matter.)

13. Clarendon issued policy number WT0991187, effective 3/22/01 – 12/21/07 ("the Clarendon policy"). Named as insureds are Willowalk Limited Partnership and Starpointe Communities, LLC. Named as additional insureds are Starpointe Marketing Concepts, LLC and STR Construction, Ltc. The Clarendon policy is a project-specific policy that provides a limit of $5 million per occurrence, with a $5 million products/completed operations aggregate limit and a $5,000,000 general aggregate limit, with respect to any claims arising out of the construction of the project.

9. The insuring agreement of the Clarendon policy states as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies....
>
> * * *
>
> This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and
>
> (2) the "bodily injury" or "property damage" occurs during the policy period.

10. The Clarendon policy also contains the following exclusions:

> This insurance does not apply to:
>
> a. Expected or Intended Injury
>
> > "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". . . .
>
> b. Contractual Liability

3

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other then an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

   (a) Liability to such a party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

   (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

j. Damage to Property

"Property damage" to:

(1) Property you own, rent or occupy;

\* \* \*

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\* \* \*

4

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

k. Damage to Your Product

"Property damage" to "your product" arising out of it, or any part of it.

l. Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. Damage to Impaired Property or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n. Recall of Products, Work or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

11. The Clarendon policy contains the following definitions:

> 7. "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:
>
>> a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>>
>> b. You have failed to fulfill the terms of a contract or agreement;
>
> if such property can be restored to use by:
>
>> a. The repair, replacement, adjustment or removal of "your product" or "your work"; or
>>
>> b. "Your" fulfilling the terms of the contract or agreement.
>
> * * *
>
> 12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> * * *
>
> 14. a. "Products-completed operations hazard":
>
>> Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>>
>>> (1) Products that are still in "your" physical possession; or
>>>
>>> (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>>>
>>>> a. When all of the work called for in your contract has been completed.
>>>>
>>>> b. When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   c. When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\* \* \*

15. "Property damage" means:

  a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

18. "Your product" means:

  a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   (1) You;

\* \* \*

19 "Your work" means:

  a. Work or operations performed by you or on your behalf; and

  b. Materials, parts or equipment furnished in connection with such work or operations.

12. Finally, the Clarendon policy contains the following endorsements:

**TERM LIMITS ENDORSEMENT**

This endorsement modifies insurance provided under the following

It is understood and agreed that Section III – Limits Of Insurance on the Commercial General Liability Coverage Form (CG 00 01 01 96) is deleted in its entirety and replaced by the following:

7

SECTION III – LIMITS OF INSURANCE

1.  The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

a.  Insureds;

b.  Claims made or "suits" brought; or
c.  Persons or organizations making claims or bringing "suits".

2.  The General Aggregate Limit is the most we will pay for the sum of:

   a.  Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   b.  Damages under Coverage B.

3.  The Products/Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard."

4.  Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal injury" and all "advertising injury" sustained by any one person or organization.

5.  Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a.  Damages under Coverage A.

The Limits of Insurance of the Coverage Part apply over the entire term of this policy.  In no event shall we be required to pay any amount, over the entire term of this policy, in excess of the Limits of Insurance stated.

* * *

**Extended Products – Completed Operations Hazard**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILTY COVERAGE PART (CG 00 01 01 96)
SECTION I – COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

Paragraph 1. Insuring Agreement, Section b. (2) is deleted and replaced with the following:

8

(2) The "bodily injury" or "property damage" occurs during the policy period. As respects the "products-completed operations hazard," the "bodily injury" or "property damage" occurrence period is extended 96 months or until the appropriate Statute of Limitations expires, from the time that a residential dwelling first closes escrow with the Named Insured during the term of the policy.

The "products-completed operations hazard" aggregate is $5,000,000 for the entire term of coverage including this extension.

All other terms, conditions and exclusions of this policy remain unchanged.

\* \* \*

**PROFESSIONAL LIABLITY EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is understood and agreed that this insurance does not apply to any error or omissions, malpractice or mistake of a professional nature committed or alleged to have been committed by or on behalf of the Insured in the conduct of the Insured's business activities.

\* \* \*

**AMENDMENT – DAMAGE TO YOUR WORK**

This Endorsement Modifies Insurance Provided Under the Following:

In consideration of the premium charged it is agreed that exclusion 1. Damage To "your work" is deleted in its entirety.

\* \* \*

**AMENDMENT – DAMAGE TO PROPERTY**

This Endorsement modifies insurance provided under the following:

It is understood and agreed that Exclusion j – Damage to Property – (2) is deleted in its entirety and replaced by the following:

(2) Premises you sell, give away or abandon, if the "property damage' arises out of any part of those premises. This exclusion does not apply if the premises are "your work."

\* \* \*

**AMENDMENT – DAMAGE TO YOUR PRODUCT**

This endorsement modifies insurance provided under the following:

> It is understood and agreed that Exclusion K. (Damage To Your Product) on Coverage Form CG 00 01 01 96 is deleted in its entirety and replaced with the following:
>
> "Your product" does not include "Your Work" at the Designated Project or any part thereof.

13.    Clarendon is providing a defense to Starpointe Communities, LLC, Starpointe Marketing Concepts, LLC, STR Construction LTD, and Lyles, Watts and Richards in their capacities as officers, directors, employees or agents of Starpointe Communities, LLC, Starpointe Marketing Concepts, LLC and/or STR Construction LTD ("the Starpointe insureds").  This defense is being provided under a reservation of rights. The above policy provisions have been communicated in the reservation of rights letter to the Starpointe insureds.

## First Claim for Declaratory Relief

### (Duty to Defend)

14.    Clarendon hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

15.    The Clarendon policy provides coverage only to the extent there is an "occurrence" that results in "property damage" or "bodily injury" during the policy period.  Some or all of the allegations in the complaint do not allege conduct that constitutes an "occurrence" within the meaning of the policy.  Moreover, the alleged damages do not constitute "property damage" or "bodily injury" as defined by the policy.

16.    The Clarendon policy further excludes coverage for certain damages, including damage expected or intended by the insured.

17.    The Clarendon policy further excludes coverage for damages to property owned by the named insured.

18. The Clarendon policy further excludes coverage for damages to property on which the insured, or subcontractors on behalf of the insured, is performing operations and damages to property that must be repaired or replaced because the work was incorrectly performed.

19. For these and other reasons, and due to a dispute as to whether Clarendon has a duty to further defend the Starpointe insureds in the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Clarendon policy.

20. Clarendon therefore seeks a judicial determination of its rights and obligations under the Clarendon policy with respect to its duty to defend the Starpointe insureds in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that Clarendon may ascertain its rights and obligations under the terms its policy.

## Second Claim for Declaratory Relief

### (Duty to Indemnify)

21. Clarendon hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

22. The Clarendon policy provides coverage only to the extent there is an "occurrence" that results in "property damage" or "bodily injury" during the policy period. Some or all of the allegations in the complaint do not allege conduct that constitutes an "occurrence" within the meaning of the policy. Moreover, the alleged damages do not constitute "property damage" or "bodily injury" as defined by the policy.

23. The Clarendon policy further excludes coverage for certain damages, including damage expected or intended by the insured.

24. The Clarendon policy also excludes coverage for damages to property owned by the named insured.

25. The Clarendon policy also excludes coverage for damages to property on which the insured, or subcontractors on behalf of the insured, is performing operations and damages to property that must be repaired or replaced because the work was incorrectly performed.

26. For these and other reasons, and due to a dispute as to whether Clarendon has a duty to indemnify the Starpointe insureds for any settlement or judgment that may be entered in the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Clarendon policy.

27. Clarendon therefore seeks a judicial determination of its rights and obligations under the Clarendon policy with respect to its duty to indemnify the Starponte insureds in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that Clarendon may ascertain its rights and obligations under the terms its policy.

### Third Claim for Declaratory Relief

### (Coverage)

28. Clarendon hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

29. The Clarendon policy provides coverage only to the extent there is an "occurrence" that results in "property damage" or "bodily injury" during the policy period. Some or all of the allegations in the complaint do not allege conduct that constitutes an "occurrence" within the meaning of the policy. Moreover, the alleged damages do not constitute "property damage" or "bodily injury" as defined by the policy.

30. The Clarendon policy further excludes coverage for certain damages, including damage expected or intended by the insured.

31. The Clarendon policy also excludes coverage for damages to property owned by the named insured.

32. The Clarendon policy also excludes coverage for damages to property on which the insured, or subcontractors on behalf of the insured, is performing operations and damages to property that must be repaired or replaced because the work was incorrectly performed.

33. For these and other reasons, and due to a dispute as to whether Clarendon has any duties to the Starpointe insureds with respect to the claims asserted in the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Clarendon policy.

34. Clarendon therefore seeks a judicial determination of its rights and obligations under the Clarendon policy. Such a judicial determination is necessary and appropriate so that Clarendon may ascertain its rights and obligations under the terms its policy.

WHEREFORE, Clarendon brings this Complaint for Declaratory Relief against defendants and prays for judgment as follows:

1. For a judicial determination that Clarendon has no obligation to further defend the Starpointe insureds in the underlying lawsuit;

2. For a judicial determination that Clarendon has no obligation to indemnify any of the parties for any judgment or settlement reached in the underlying lawsuit;

3. For a judicial determination that the Clarendon policy provides no coverage for the claims asserted in the underlying lawsuit;

4. For reasonable attorneys' fees incurred herein;

3. For Clarendon's costs incurred herein; and

4. For any other and further relief as this court may deem just and proper.

DATED this 18th day of June, 2010.

                                    GRAIF BARRETT & MATURA, P.C.

                              By:   /s/ Kevin C. Barrett
                                        Kevin C. Barrett
                                        Jay R. Graif
                                        *Attorneys for Plaintiff Clarendon Insurance Company*

I hereby certify that on June 18, 2010, I electronically transmitted this document to the Clerk's Office using the CM/ECF system for filing.

/s/ Kelly Donaldson